Margaret E. TEDESCO, et al., Plaintiffs,

v.

Stephen A. MISHKIN, et al., Defendants.

No. 82 Civ. 8753 (DNE).

United States District Court, S.D. New York.

Sept. 24, 1985.

---

Bailey, Marshall & Hoeniger, New York City (Berthold H. Hoeniger, New York City, of counsel), for plaintiffs.

Kronish, Lieb, Shainswit, Weiner & Hellman, Lawrence J. Kaiser, Richard Lieb, Wm. J. Rochelle, III, Karen M. Klein, New York City, Chapter 11 Trustee in Bankruptcy for Stephen A. Mishkin.

## MEMORANDUM OPINION AND ORDER

EDELSTEIN, District Judge:

### BACKGROUND

In 1982, plaintiffs filed a class action, which is pending before this court, alleging securities fraud, common law fraud and a pattern of racketeering on the part of defendant Stephen A. Mishkin and various of his associates. Plaintiffs invested in many enterprises organized and controlled by Mr. Mishkin, who is presently reorganizing pursuant to Chapter 11 of the Bankruptcy

Code.[1] Bankruptcy Judge Howard Schwartzberg scheduled a hearing for September 24, 1985 on a motion by Mr. Mishkin's Bankruptcy Trustee. The motion requests that the Bankruptcy Court approve the sale of Unit # 67 Yardarm Beach Condominium, 253 Dune Road, Westhampton Beach, New York, which plaintiffs claim is not the property of Mr. Mishkin's estate, but rather, is plaintiffs' property due to the fraudulent activity alleged to have been committed against them. Accordingly, plaintiffs have applied for an order to show cause requesting that this court issue a temporary restraining order on the sale of the property. Plaintiffs further moved, pursuant to 28 U.S.C. § 157(d) (1984), for this court to withdraw from the Bankruptcy Court the motion by Mr. Mishkin's Bankruptcy Trustee to have the Bankruptcy Court approve the sale of Unit # 67. Plaintiffs argue that this court should decide the trustee's motion because the motion "requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce," *id.*

## DISCUSSION [2]

The court denies plaintiffs' motion for a temporary restraining order enjoining the sale of unit # 67. Furthermore, plaintiffs' motion that this court withdraw from the Bankruptcy Court the motion by the Bankruptcy Trustee to have the Bankruptcy Court approve the sale of Unit # 67 is denied.

■ Regarding plaintiffs' motion for the temporary restraining order, plaintiffs' have failed to establish that they would be irreparably harmed if the sale were to take place. As is stated in the Bankruptcy Trustee's opposing papers, paragraph 14 of

the contract of sale between Mr. Mishkin's estate and Mr. Migdol, and paragraph's 10 and 14 of the trustee's motion to approve the sale, provides that the title to the property will be transferred "free and clear of all liens, claims and encumbrances, *with all such liens, claims and encumbrances, to the extent valid, to attach to the proceeds of the sale.*" (emphasis added). It is clear that aside from the plain language of the contract, the spirit and intent of such contract dictates that the proceeds of the sale should be made available to the plaintiffs in the event that they succeed in this case. Accordingly, this court orders that any proceeds from the sale shall be put into escrow pending resolution of the *Tedesco* suit. Thus, plaintiffs will not be irreparably harmed by the sale, but rather, plaintiffs' claims can still be asserted against the proceeds if they ultimately succeed on their claim that Mr. Mishkin, and therefore his estate, does not have valid title to the property.

■ Furthermore, plaintiffs have similarly failed to demonstrate "either (1) probable success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary injunctive relief." *Kaplan v. Board of Education,* 759 F.2d 256, 259 (2d Cir. 1985); *see Sperry International Trade v. Israel,* 670 F.2d 8, 11 (2d Cir.1979). In weighing the equities, this court finds that plaintiffs will not be prejudiced by the sale because if their claim to the property is ultimately deemed meritorious by this court, plaintiffs can attach the proceeds of the sale. On the other hand, granting of the restraining order will greatly prejudice

---

**1.** The Bankruptcy Court lifted the automatic stay to permit plaintiffs to proceed with their action against Mishkin.

**2.** Usually, an order to show cause is not served upon a party until it is signed by the court. In this case, however, plaintiffs have served the order upon all other parties. In turn, the Bankruptcy Trustee has served a memo opposing plaintiffs' application for the order to show

cause and a temporary restraining order enjoining the sale of unit # 67, Yardarm Beach Condominium, 253 Dune Road, Westhampton Beach, New York. All parties have therefore had an opportunity to brief the issues for the court in a manner similar to a notice motion. At a conference on September 23, 1985, the court signed the order to show cause, making it returnable at the conference.

the bankruptcy estate because a buyer who is willing to pay $230,000 for property may be lost.

■ This court will not withdraw the Trustee's motion to approve the sale of Unit # 67 from the Bankruptcy Court. Section 157(d) of the Bankruptcy Code must "be read to require withdrawal not simply whenever non-Code federal statutes will be *considered* but rather only when such consideration is necessary for the *resolution* of a case or proceeding.... Section 157(d) was not intended to become 'an escape hatch through which most bankruptcy matters will be removed to the district court.'" *In Re White Motor Corp.,* 42 B.R. 693, 703–04 (N.D.Ohio 1984). Although plaintiffs allege that the sale of the property may implicate other federal laws, this court does not find that considerations of other non-Bankruptcy federal statutes are necessary for the resolution of the issue whether the bankruptcy judge may order sale of the property.

### CONCLUSION

Plaintiffs have failed to establish all of the prerequisites for the issuance of a temporary restraining order. Specifically (1) plaintiffs will not be irreparably harmed by the sale of the property, (2) they have failed to demonstrate a likelihood of success on the merits and (3) the balance of hardships do not tip in plaintiffs favor. Therefore, plaintiffs' motion for a temporary restraining order is denied. The funds from the sale, however, are to be put into escrow. Furthermore, this court will not withdraw from the Bankruptcy Court, the Bankruptcy Trustee's motion regarding the sale of the property.

SO ORDERED.